**DEBRA v. DUNTON**
Case No. CO83-435I
County Court, Orange County
October 20, 1983

Miranda Franks, Maguire, Voorhis and Wells, for plaintiff.

Eric W. Ludwig, for defendant.

JAMES C. HAUSER, County Judge

This cause came before this Court as a non-jury trial. The Defendant rented a house from the Plaintiff for $325 a month. In September the Defendant failed to pay rent. On or about September 7, 1983, the landlord served an eviction notice, but said notice failed to comply with the statute. On September 23, 1983 Plaintiff served a second eviction notice on the Defendant. (Plaintiff's Exhibit 1)

On the same date, September 23, 1983, the Defendant mailed a seven (7) day letter to the Plaintiff, informing the Plaintiff he would be withholding rent because of various housing code violations. (Defendant's Exhibit 1) As of the date of trial (October 26) some of the violations had still not been corrected. As a result, the evidence is clear that the landlord failed to make all necessary repairs within the alloted seven (7) days as required by Florida Statute 83.56.[1]

On September 29th, the landlord filed his complaint. The file does not indicate when the Defendant was served, but the Defendant filed his answer on October 14, 1983. The trial was held October 26, 1983.

The Court makes a finding of fact that the tenant, who was unemployed for September, could not afford to make his September rent payment.

---

[1] Since as of October 26th all repairs had not been completed, this Court need not answer whether the seven (7) days to make repairs ran from the date of receipt of the letter by the landlord (September 26th) or five (5) business days from the date of mailing (September 30th) pursuant to Florida Rules of Civil Procedure 1.090(e).

The Court also finds that there were serious housing code violations which included exposed wires, faulty electrical outlets and odor caused by raw sewage.

## CONCLUSIONS OF LAW

Florida Statute 83.56(1) fails to specify whether a tenant is permitted a send a seven (7) day letter withholding rent after he receives an eviction notice. Florida Statute 83.56(5) makes clear that if the tenant does pay rent, he waives his right to complain about housing code violations. In making this decision, the Court has examined the purpose of the statute.

First, the statute provides a mechanism to either force a landlord to make repairs or bring an action for eviction, since no landlord is willing to permit a tenant to live in rental housing perpetually without paying rent.

Second, the statute prevents *frivolous* claims of housing code violations (usually from tenants without money) by requiring written notice to the landlord.

In the case at bar, the defense of housing code violations was not frivolous since it was proven at trial. Thus, on the facts of this case, the Court will permit the defense of housing code violations to be heard. The landlord is also protected because the defense of housing code violations is an affirmative defense and the Defendant will still be required to deposit the accrued rent in the Registry of the Court. Florida Statute 83.60(2).

Based on the foregoing, the Court rules the tenant's rent is reduced from $325 to $200 per month until the landlord can show this Court that all repairs have been substantially complied with. The Court retains jurisdiction over this matter.

DONE AND ORDERED at Orlando, Orange County, Florida this 28 day of October, 1983.

